**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re:<br><br>    Saxon Shoes, Inc.[1]<br><br>    Debtor | Case No. 20-33453<br><br>Chapter 11 |
| In re:<br><br>    Saxon Shoes Spotsylvania, LLC[2]<br><br>    Debtor | Case No. 20-33454<br><br>Chapter 11 |

**DEBTORS' MOTION TO AUTHORIZE USE OF CASH COLLATERAL AND
ADEQUATE PROTECTION AND MEMORANDUM IN SUPPORT THEREOF**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**" and

each a "**Debtor**") hereby move the Court for the entry of an order pursuant to 11 U.S.C. §§ 361

and 363, and Rule 4001 of the Federal Rules of Bankruptcy Procedure, authorizing the Debtors'

use of cash collateral and granting of certain adequate protection (to the extent necessary), and, in

support hereof, respectfully represents as follows:

**Jurisdiction and Venue**

1.     The United States Bankruptcy Court for the Eastern District of Virginia (the

---

[1] The Debtor's address is 11800 W Broad Street, # 2750, Henrico, VA 23233, and the last four digits of the Debtor's EIN are 0987.
[2] The Debtor's address is 1 Towne Centre Boulevard, # 4500, Spotsylvania, VA 22407 and the last four digits of the Debtor's EIN are 9223.

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Proposed Counsel for the Debtors*

"**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. On or about August 14, 2020 (the "**Petition Date**"), Saxon Shoes, Inc. and Saxon Shoes Spotsylvania, LLC commenced their reorganization cases by each filing a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code, §§ 101—1532 (as hereafter amended, the "**Bankruptcy Code**").

3. The Debtors are continuing in possession of their properties and are operating and managing their businesses, as a Debtors-in-Possession, pursuant to § 1184 of the Bankruptcy Code.

4. On August 14, 2020, Richard C. Maxwell, Esquire was appointed as the Chapter 11 Subchapter V trustee (the "**Subchapter V Trustee**") pursuant to § 1183(a) of the Bankruptcy Code.

5. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## The Debtors' Business and Background

6. Saxon, first incorporated in Virginia in 1953, is a storied Richmond retail shoe icon, having served Central Virginia for over sixty-five years. Always a family run business, Gary Weiner, the current President, with the aid of other family members, manages the hands-on operation with the additional assistance of dedicated employees.

7. Through shear grit and determination, the Weiner family transformed a few dollars and a dream over seven decades ago into what it believes is now the largest full-service shoe

store in Virginia. Saxon currently operates its trademark location from the well-known Short Pump Town Center in Henrico, Virginia.

8.      In addition, in 2008 Saxon Spotsylvania, was established to operate the newly created Spotsylvania location at The Village at Spotsylvania Towne Center. Saxon Spotsylvania was formed as a Saxon subsidiary and will be referred to herein together with Saxon as the "Debtors." Saxon is the sole member of Saxon Spotsylvania and Gary Weiner serves as its President as well.

9.      Customer satisfaction has always been a priority of the Debtors, with employee longevity in excess of fifteen years being the norm. The Saxon model has always been predicated upon full service with a wide variety of well-known brand names and sizes for men, women and children. Indeed, the Debtors have a niche business, providing a singular commitment to customer service and hands-on engagement of its patrons with product features and benefits. As a result of such niche, its unique business practices, and customer experiences demand face to face interaction with its clientele.

10.     While the Debtors have experienced sometimes serious bumps in the road over the years, including a store fire in 2001, Saxon has always been able to capitalize on its niche with generations of repeat customers, who have motivated the family and its loyal staff to steer the course through the ebb and flow of economic cycles.

11.     The Debtors began the year 2020 on solid footing, with January and February performing soundly and the available selection of inventory having never been better going into Spring. Continuing into the first week of March, the Debtors' results were trending upward against

the prior year, but all positive results came to a slow and then screeching halt due to the completely unexpected COVID-19 impact on the entire industry and everyday life for all.

12.     Consistent with most brick and mortar retailers throughout the nation, the Debtors' operations were drastically impacted by the COVID-19 global pandemic declared by the World Health Organization on March 11, 2020. In compliance with the local curfews, social distancing protocols, and shelter-in-place mandates (which were similar to those around the country) and the resulting decisions of the landlord and fellow retail operators, the entire mall locations became overnight customer wildernesses. The Debtors made the ensuing difficult decision to temporarily close its doors on March 17, 2020 in an effort to protect the health and safety of its customers, vendors, and staff.

13.     While the store closing had a devastating impact on the operations, the Weiners made every effort to keep the business afloat such that it could reopen for its patrons and staff.

14.     While it did ultimately reopen, the COVID-19 pandemic has cost the Debtors the entire Spring/Summer season and now the viability of the Fall season remains in question, given that supply chains have been disrupted, certain products have been cancelled and others are subject to late deliveries. In addition, the usual customer demand for its back-to-school products has been marginalized given that many schools are beginning the year virtually and many are working from home and not buying new school or professional shoes.

15.     Not only is the Fall season in question but the potential of another wave of the virus to boomerang another business shutdown all suggest that the 2020 sales numbers will be drastically reduced from prior years.

16.     While the Weiner family has assisted the Debtors in fighting through slow times, snow times, recessions, fire, crime, inside theft, cyber theft, and other dire economic events, they have never experienced anything like the current health and economic crisis. Resilient as they are, their efforts over the past five months to rebuild and rejuvenate through launching a new website, Facebook live events, curbside pick-ups, personal shopping and every kind of sale and marketing tool available have fallen short on the necessary revenue side to cover essential operating expenses that remained through the pandemic.

17.     As a result, given that that they saw no immediate cure for the divide between the revenue and expenses, the Debtors determined to seek Subchapter V bankruptcy protection in an effort to reorganize debts and operations. Saxon, Saxon Spotsylvania, and the Weiner family have always together been a community patron and are hopeful that these reorganization efforts will provide the opportunity to continue its retail footprint for the staff, customers and other stakeholders for the future.

## Cash Collateral

18.     The Irrevocable Agreement of Trust FBO William A. Cafaro and Anthony M. Cafaro, Jr. U/A/D February 15,1985 ("**Cafaro**") loaned money to Debtor Saxon, which funds were used to purchase certain inventory and pay other costs related to operations. On April 21, 2015, Cafaro filed a Uniform Commercial Code (the "**UCC**") financing statement with the State Corporation Commission of the Commonwealth of Virginia (the "**SCC**"), instrument number 15042138165, encumbering the following collateral of the Debtor Saxon:

> All right, title and interest of the Debtor in and to all now existing and hereafter acquired or arising (i) Money, Accounts, Deposit Accounts, and all other rights of the Debtor to the payment of money no matter how evidences; (ii) all Inventory of the Debtor, now owned or hereafter acquired; (iii) all Equipment of the Debtor,

including, without limitation, all machinery, tools, catalogues, computer hardware and software, furniture, furnishings and Fixtures, and all additions, substitutions and replacements thereof, wherever located, together with all attachments, components, parts, and accessories installed thereon or affixed thereto; (iv) all General Intangibles; and (v) all Proceeds of the foregoing Collateral.

A copy of which is attached hereto as Exhibit C.[3]

19.    American Express National Bank ("**Amex**") loaned Debtor Saxon money and in connection with the same, on March 26, 2019, filed a UCC financing statement with the SCC, instrument number 19032638503, encumbering the following collateral of Debtor Saxon:

All assets of the Debtor, whether now owned or hereafter acquired or arising

A copy of which is attached hereto as Exhibit D.

20.    WebBank ("**WebBank**") loaned money to Debtor Saxon, which amounts were used to purchase certain inventory and pay other costs related to operations. On information and belief, on August 16, 2019, WebBank, through CTHD Company, filed a UCC financing statement with the SCC, instrument number 19081657057, encumbering the following collateral of Debtor Saxon:

Present and future accounts, receivables, chattel paper, deposit accounts, personal property, assets and fixtures, general intangibles, instruments, equipment and inventory (as those terms are defined in Article 9 of the Uniform Commercial Code ("UCC")), wherever located, and with respect to these items, all proceeds now or hereafter owned or acquired by you (collectively, the "Collateral"). THE SECURED PARTY NAMED IN THIS RECORD IS ACTING IN A REPRESENTATIVE CAPACITY FOR PURPOSES OF FORWARDING NOTICES AND INQUIRIES REGARDING THIS RECORD. FOR MORE INFORMATION, PLEASE CONTACT THE SECURED PARTY AT THE ADDRESS LISTED ABOVE OR AT UCCSPREP@CSCINFO.COM

A copy of which is attached hereto as Exhibit E.

---

[3] All of the exhibits referenced herein will not be included in the service package of these pleadings but will be provided upon request to the undersigned.

21.    Mr. Gary Weiner ("**Mr. Weiner**") loaned money to the Debtors, which amounts were used to purchase certain inventory and pay other costs related to operations. On March 17, 2020, Mr. Weiner filed a UCC financing statement with the SCC, instrument number 202003170451821, encumbering the following collateral of Debtors Saxon and Saxon Spotsylvania:

> With respect to each Debtor, all of such Debtor's right, title, and interest, whether now existing or hereafter acquired, in all of its accounts (including without limitation health-care receivables), chattel paper (whether tangible or electronic), deposit accounts, documents, supporting obligations, general intangibles (including without limitation payment intangibles, trademarks, tradenames, patents and software), goods (including without limitation inventory, equipment, fixtures, and accessions), instruments (including without limitation promissory notes), investment property, letter-of-credit rights, letters of credit, money, and oil, gas, or other minerals before extraction and all proceeds and products of the foregoing, in each case as such terms are defined under the Uniform Commercial Code as in effect in the Commonwealth of Virginia from time to time.

A copy of which is attached hereto as Exhibit F.

22.    In addition, Mr. Weiner, and Mrs. Beth Weiner ("**Mrs. Weiner**") loaned money to Debtor Saxon, which amounts were used to purchase certain inventory and pay other costs related to operations. On April 30, 2020, Mr. & Mrs. Weiner filed a UCC financing statement with the SCC, instrument number 202004300548170, encumbering the following collateral of Debtor Saxon:

> All of the personal property of Debtor of every kind and nature including, without limitation, all fixtures, accounts, automobiles, machinery, equipment, accessions, inventory, chattel paper, instruments, investment property, documents, letter-of-credit rights, deposit accounts and general intangibles (including, without limitation, all contract rights, tax refunds and tax refund claims, choses in action, causes of action, corporate or other business records, inventions, designs, patents, patent applications, trademarks, trade names, trade secrets, goodwill, copyrights, registrations, licenses, franchises, claims under guaranties, security interests or other security held or granted to secure payment of contracts by account debtors, all rights to indemnification and all other intangible property of every kind and

nature).

A copy of which is attached hereto as Exhibit G.

## **Relief Requested**

23.     In order to remain in possession of property and continue business activity in an effort to maximize the value of assets for the benefit of the Estates and all of their creditors, the Debtors must use their cash collateral (as said term is defined in § 363 of the Bankruptcy Code) (hereafter, the "**Cash Collateral**") in their ordinary business operations.

24.     The Debtors seek entry of an order pursuant to §§ 361 and 363 of the Bankruptcy Code authorizing, on an interim basis, the: (i) use of Cash Collateral; (ii) granting of certain adequate protection, if necessary, in connection with such use; and (iii) granting of such other and further relief as the Court may deem proper.

25.     Specifically, the Debtors seek authority to use Cash Collateral to fund the operation of their business for the next months in amounts substantially similar to the budget attached hereto as Exhibit A (collectively, the "**Budget**"). Given uncertainties associated with the global pandemic related to COVID-19, the Debtors cannot say with certainty that the Budget is attainable; however, the Debtors have used their best judgment in assumptions and predictions.

26.     The Debtors require the use of such Cash Collateral to effectively administer the Chapter 11 estates; specifically, the Debtors require the continued use of such cash or cash equivalents to permit them to pay vendors, meet ongoing operational expenses, including wages, maintain in effect insurance policies, preserve and protect their assets, and to generally and otherwise pay obligations critical to continuing the operation of their business.

27.     In an effort to adequately protect (to the extent necessary) the interests of Cafaro,

Amex, WebBank, Mr. Weiner, and Mr. & Mrs. Weiner, the Debtors propose providing replacement lien(s) in the Debtors' post-petition assets, to the same extent of their pre-petition liens. Specifically, the Debtors propose to grant to Cafaro, Amex, WebBank, Mr. Weiner, and Mr. & Mrs. Weiner, to the extent of the use of the Cash Collateral to the detriment of Cafaro, Amex, WebBank, Mr. Weiner, and Mr. & Mrs. Weiner as secured creditors, a post-petition replacement lien(s), which replacement lien(s) will be of the same validity, priority, and enforceability as the pre-petition liens (not otherwise avoided) of Cafaro, Amex, WebBank, Mr. Weiner, and Mr. & Mrs. Weiner in such type of assets. The Debtors expressly reserve the right to contest the validity, extent and a priority of any liens asserted against their assets and notices in this Motion shall not be considered an admission against such interests or waiver of such rights.

28.     Cafaro shall also receive, as additional adequate protection, monthly payments in the aggregate amount of $1,666.67.

29.     WebBank shall also receive, as additional adequate protection, a monthly payment of approximately $3,942.55.

30.     Mr. Weiner shall also receive, as additional adequate protection, a monthly payment of approximately $1,666.67.

31.     Mr. & Mrs. Weiner shall also receive, as additional adequate protection, a monthly payment of approximately $10,375.00.

32.     The Debtors maintain that Amex has been paid in full and, as such, no payment is proposed.

33.     If the Debtors are not able to use Cash Collateral, the Debtors will be unable to maintain their current business operations. Without the immediate use of the Cash Collateral, the

Debtors will be seriously and irreparably harmed, resulting in significant losses to the Debtors' Estates and creditors.

34.     The Debtors are without sufficient funds to operate without the use of what may constitute Cash Collateral or until a final hearing on this Motion can be held. To avoid immediate and irreparable harm, the Debtors require the immediate use of Cash Collateral for the payment of certain business expenses necessary for the Debtors to continue to operate their businesses. The Debtors also are aware and anticipate that many of their vendors will require the payment of cash in advance of any delivery of goods or services. Failure to pay for such items on a timely basis will require the Debtors to close down all operations entirely, which may result in irreparable injury to the Debtors and eliminate their ability to effectively reorganize.

## **Legal Authority**

35.     The Court may approve the Debtors' use of the cash generated from rents and other collateral collected in the ordinary course of the Debtors' business over a lien holder's objection if said lien holder is adequately protected. *See In re Health Diagnostic Lab., Inc.*, No. 15-32919, 2015 Bankr. LEXIS 4471, at *25 (Bankr. E.D. Va. Aug. 17, 2015); *In re WRB West Assocs.*, 106 B.R. 215, 219 (Bankr. D. Mont. 1989); *see also* 11 U.S.C. § 363(a) and (c)(2). As § 363 of the Bankruptcy Code provides:

> The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless –
>
>> each entity that has an interest in such cash collateral consents; or
>> the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions in this section.

11 U.S.C. § 363(b)(2).

36.     Section 361 of the Bankruptcy Code provides:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by –

> (1) requiring the trustee to make a cash payment or periodic cash payments … to the extent that … [such use] results in a decrease in the value of such entity's interest in such property;

> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

> (3) granting such other relief … as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property

11 U.S.C. § 361.

37.     The potential lien holders at issue in this Motion, specifically Cafaro, Amex, WebBank, Mr. Weiner, and Mr. & Mrs. Weiner are adequately protected as provided herein.

## Notice

38.     Copies of this Motion and notice thereof have been provided to the Office of the United States Trustee, the Subchapter V Trustee, the Debtors' 20 largest unsecured creditors as identified in the Chapter 11 petitions, the Debtors' known secured creditors, and any known legal counsel for the Debtors' secured creditors. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an interim order substantially in the form attached hereto as Exhibit B and thereafter a final order: (i) authorizing the use of Cash Collateral; (ii) granting of certain adequate protection for said use; and (iii) granting such other and further relief as the Court may deem proper.

**Respectfully submitted,**

**SAXON SHOES, INC., and**
**SAXON SHOES SPOTSYLVANIA, LLC**

Dated: August 16, 2020          By: */s/ Paula S. Beran*
Richmond, Virginia                Lynn L. Tavenner, Esquire (VSB No. 30083)
                                  ltavenner@tb-lawfirm.com
                                  Paula S. Beran, Esquire (VSB No. 34679)
                                  pberan@tb-lawfirm.com
                                  David N. Tabakin, Esquire (VSB No. 82709)
                                  dtabakin@tb-lawfirm.com
                                  Tavenner & Beran, PLC
                                  20 North 8th Street
                                  Richmond, Virginia 23219
                                  Telephone: (804) 783-8300
                                  Telecopier: (804) 783-0178

*Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on or before the 17th day of August 2020, a true and correct copy of the foregoing Motion (without voluminous exhibits) was served via first-class mail and/or electronic delivery to the Office of the United States Trustee, the Subchapter V Trustee, the Debtors' twenty largest unsecured creditors as identified in their Chapter 11 petition, the Debtors' known secured creditors, and any known legal counsel for the Debtors' secured creditors (as indicated on the Schedule A attached to the Court filed copy of this Motion).

*/s/ Paula S. Beran*
Proposed Counsel

# SCHEDULE A

Aetrex Worldwide  Inc
Attn Nadine Warren
414 Alfred Avenue
Teaneck NJ 07666-5756
mderesky@aetrex.com

Atlantic Union Bank
Central Va - Commercial Banking
1051 East Cary Street, Suite 1200
Richmond, VA 23219-4044
john.Lester@AtlanticUnionBank.com

Beth Weiner
Peter J. Barrett, Esq.
Kutak Rock LLP
Richmond, VA 23219-4071
Peter.Barrett@KutakRock.com

Gary Weiner
Peter J. Barrett, Esq.
Kutak Rock LLP
Richmond, VA 23219-4071
Peter.Barrett@KutakRock.com

Birkenstock USA LP
15079 Collections Center Drive
Chicago, IL 60693-0150
dkahan@birkenstockusa.com

Deckers Outdoor Corporation
P.O. Box 8424
Pasadena, CA 91109-8424
Kiyah.nelson-bakke@deckers.com

Earth, Inc.
P.O. Box 417263
Boston, MA 02241-7263
anthony.tempesta@earthbrands.com

Genesco Inc.
4008 Reliable Parkway
Chicago, IL 60686-0001
BMATTHEWS@genesco.com

Naot Yaleet Inc.
80 Ruland Road, Suite 2
Melville, NY 11747-4211
llinetveit@yaleet ne

New Balance Athletic Shoe
P.O. Box 415206
Boston, MA 02241-5206
Maria.Roque@newbalance.com

On Inc.
P.O. Box 734250
Chicago, IL 60673-4250
morgan.pfunder@on-running.com

Phoenix Footwear Group
Dept #41677
PO Box 650823
Dallas, TX 75265-0823
rgilliam@phxg.com

Promotional Consideration iPROMOTEu
PO Box 200896
Pittsburgh, PA 15251-0896
scaruso@ipromoteu.com

Richmond Times Dispatch
P.O. Box 27775
Richmond, VA 23261-7775
athomas@timesdispatch.com

Short Pump Town Center, LLC
P.O. Box 72054
Cleveland, OH 44192-0054
Natalie.Battisti@brookfieldpropertiesretail.
com

Spotsylvania Towne Centre
P.O. Box 932400
Cleveland, OH 44193-0012
WSheely@cafarocompany.com

The Rockport Company
P.O. Box 936652
Atlanta, GA 31193-6652
Samantha.Hancock@rockport.com

Vera Bradley Designs, Inc.
12420 Stonebridge Road
Roanoke, IN 46783-9300
AHolley@verabradley.com

Wolff Shoe Company
P.O. Box 14663
Main Post Office
St. Louis, MO 63195-4663
larry.storz@wolffshoe.com

Wolverine World Wide, Inc.
25759 Network Place
Chicago, IL 60673-1257
corinne.mastrojohn_IC@wwwinc.com

Cafaro Irrevocable Agreement Trust
Attn: Will Cafaro
2445 Belmont Ave
Youngstown, OH 44505-2405
ACafaro@cafarocompany.com

John G. Mull and Wilma B. Mull
5434 Fallman Drive
Mechanicsville, VA 23116-5457

John P. Fitzgerald, III
Office of the US Trustee - Region 4 -R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219-1849*

Rangoni Firenze Shoes
6199 Cornerstone Court East
Suite 106
San Diego, CA 92121
bill@rangonishoes.com

WebBank
c/o Kelly Barnett, President
215 South State Street, Suite 100
Salt Lake City, UT 84111
jtadduni@paypal.com

American Express National Bank
4315 South 2700 West
Salt Lake City, UT 84184
Prashant.T.Desai@aexp.com
john.norris1@aexp.com

Columbia Gas
P.O. Box 70319
Philadelphia, PA 19176-0319

Cox Business Services
PO Box 53249
Phoenix, AZ 85072-3249

Dominion Energy Virginia North Carolina
PO Box 26666
Richmond VA 23261-6666

Gardner, Summer
11509 Roslyn Rd
Fredericksburg, VA 22407-6268*

Hill, Katelynn
13464 Villeboro Rd
Woodford, VA 22580-3031*

Rieker Shoe
299 Rio Drive
Orlando, FL 32810-6299
g.adams@rieker net

Scott, Brittani
12202 Fawn Lake Pkwy
Spotsylvania, VA 22551-4716*

Selfe, Elizabeth
11401 Hunton Ridge Lane
Glen Allen, VA 23059-4680*

State Corporation Commission
Office of the Clerk
P.O. Box 2118
Richmond, VA 23218-2118

Treasurer, Spotsylvania County
Larry K Pritchett
P.O. Box 9000
Spotsylvania, VA 22553-9000
cskaggs@spotsylvania.va.us

Treasurer, Spotsylvania County
Public Utility Payments
P.O. Box 9000
Spotsylvania, VA 22553-9000
cskaggs@spotsylvania.va.us

Vessels, DeAndre
13464 Villeboro Rd
Woodford, VA 22580-3031*

The Freelance Star
P.O. Box 26742
Richmond, VA
23261-6742
WCurtis@bhmginc.com

EXHIBIT A

**Saxon Shoes**
**Cash Flow Launcher ™**
**Liquidity**

| Data Entry | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Week 1<br>8/9<br>8/15<br>Projected | Week 2<br>8/16<br>8/22<br>Projected | Week 3<br>8/23<br>8/29<br>Projected | Week 4<br>8/30<br>9/5<br>Projected | Week 5<br>9/6<br>9/12<br>Projected | Week 6<br>9/13<br>9/19<br>Projected | Week 7<br>9/20<br>9/26<br>Projected | Week 8<br>9/27<br>10/3<br>Projected | Week 9<br>10/4<br>10/10<br>Projected | Week 10<br>10/11<br>10/17<br>Projected | Week 11<br>10/18<br>10/24<br>Projected | Week 12<br>10/25<br>10/31<br>Projected | Week 13<br>11/1<br>11/7<br>Projected |
| **Cash** | | | | | | | | | | | | | |
| Cash Balance (Book) Week Beginning | $125,000 | $146,604 | $184,538 | $141,421 | $137,026 | $141,531 | $168,912 | $144,984 | $162,556 | $175,723 | $213,614 | $203,330 | $255,663 |
| Collections | 86,609 | 86,609 | 86,609 | 77,948 | 77,948 | 77,948 | 77,948 | 77,948 | 86,609 | 86,609 | 86,609 | 86,609 | 86,609 |
| Disbursements | 65,005 | 48,676 | 129,726 | 82,343 | 73,443 | 50,568 | 101,876 | 60,376 | 73,443 | 48,718 | 96,893 | 34,276 | 132,876 |
| Cash Drawn Against LOC/(Cash Paid on LOC) | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Cash Balance (Book) Week Ending | 146,604 | 184,538 | 141,421 | 137,026 | 141,531 | 168,912 | 144,984 | 162,556 | 175,723 | 213,614 | 203,330 | 255,663 | 209,397 |
| **Inventory** | | | | | | | | | | | | | |
| Beginning Balance | $2,189,168 | $2,128,542 | $2,067,915 | $2,087,289 | $2,057,725 | $2,028,161 | $1,998,597 | $1,969,033 | $1,939,469 | $1,903,843 | $1,868,216 | $1,832,590 | $1,796,964 |
| Raw Material Purchases | - | - | 80,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| Cost of Goods Sold    70% | 60,626 | 60,626 | 60,626 | 54,564 | 54,564 | 54,564 | 54,564 | 54,564 | 60,626 | 60,626 | 60,626 | 60,626 | 60,626 |
| Ending Balance | 2,128,542 | 2,067,915 | 2,087,289 | 2,057,725 | 2,028,161 | 1,998,597 | 1,969,033 | 1,939,469 | 1,903,843 | 1,868,216 | 1,832,590 | 1,796,964 | 1,761,337 |

**Saxon Shoes**
**Cash Flow Launcher** ™
Sales and Collections

| Data Entry | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Week 1 8/9 8/15 Projected | Week 2 8/16 8/22 Projected | Week 3 8/23 8/29 Projected | Week 4 8/30 9/5 Projected | Week 5 9/6 9/12 Projected | Week 6 9/13 9/19 Projected | Week 7 9/20 9/26 Projected | Week 8 9/27 10/3 Projected | Week 9 10/4 10/10 Projected | Week 10 10/11 10/17 Projected | Week 11 10/18 10/24 Projected | Week 12 10/25 10/31 Projected | Week 13 11/1 11/7 Projected |
| **Sales** | | | | | | | | | | | | | |
| Sales | $82,250 | $82,250 | $82,250 | $74,025 | $74,025 | $74,025 | $74,025 | $74,025 | $82,250 | $82,250 | $82,250 | $82,250 | $82,250 |
| Sales tax | 4,359 | 4,359 | 4,359 | 3,923 | 3,923 | 3,923 | 3,923 | 3,923 | 4,359 | 4,359 | 4,359 | 4,359 | 4,359 |
| | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total | $86,609 | $86,609 | $86,609 | $77,948 | $77,948 | $77,948 | $77,948 | $77,948 | $86,609 | $86,609 | $86,609 | $86,609 | $86,609 |

**Saxon Shoes**
**Cash Flow Launcher ™**
**Purchases and Disbursements**

| Data Entry | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Week 1 8/9 8/15 Projected | Week 2 8/16 8/22 Projected | Week 3 8/23 8/29 Projected | Week 4 8/30 9/5 Projected | Week 5 9/6 9/12 Projected | Week 6 9/13 9/19 Projected | Week 7 9/20 9/26 Projected | Week 8 9/27 10/3 Projected | Week 9 10/4 10/10 Projected | Week 10 10/11 10/17 Projected | Week 11 10/18 10/24 Projected | Week 12 10/25 10/31 Projected | Week 13 11/1 11/7 Projected |
| **Operating Disbursements** | | | | | | | | | | | | | |
| New Goods, Including freight | $ - | $ - | $ 80,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 |
| Maintenance & Repair | $ - | $ 500 | $ - | $ - | $ - | $ 500 | $ - | $ - | $ - | $ - | $ 500 | $ - | $ - |
| Selling supplies | $ - | $ 500 | $ - | $ - | $ - | $ 500 | $ - | $ - | $ - | $ - | $ 500 | $ - | $ - |
| Credit card fees | $ 6,562 | $ - | $ - | $ - | $ - | $ 5,950 | $ - | $ - | $ - | $ - | $ 5,100 | $ - | $ - |
| Payroll processing fees | $ - | $ - | $ - | $ 450 | $ - | $ - | $ - | $ 450 | $ - | $ - | $ 450 | $ - | $ - |
| Computer contracts | $ - | $ - | $ 1,000 | $ - | $ - | $ - | $ - | $ 1,000 | $ - | $ - | $ 1,000 | $ - | $ - |
| Equipment rental (Aetrex) | $ - | $ 600 | $ - | $ - | $ - | $ - | $ 600 | $ - | $ - | $ - | $ 600 | $ - | $ - |
| Telecom | $ - | $ 8,000 | $ - | $ - | $ - | $ - | $ 8,000 | $ - | $ - | $ - | $ 8,000 | $ - | $ - |
| Insurance | $ - | $ 1,000 | $ - | $ - | $ - | $ 1,000 | $ - | $ - | $ - | $ - | $ 1,000 | $ - | $ - |
| Health benefits | $ - | $ 1,300 | $ - | $ - | $ - | $ 1,300 | $ - | $ - | $ - | $ 1,300 | $ - | $ - | $ - |
| Professional fees | $ 10,000 | $ - | $ 500 | $ - | $ - | $ - | $ 500 | $ - | $ - | $ - | $ 500 | $ - | $ 30,000 |
| Utilities | $ 4,000 | $ - | $ - | $ - | $ 4,000 | $ - | $ - | $ - | $ 4,000 | $ - | $ - | $ - | $ 4,000 |
| Advertising | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 |
| Other Operating Disbursements | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Payroll and Payroll Expenses | $ 38,500 | $ - | $ 38,500 | $ - | $ 38,500 | $ - | $ 38,500 | $ - | $ 38,500 | $ - | $ 38,500 | $ - | $ 38,500 |
| Occupancy Costs, Incl R/E taxes | $ - | $ - | $ - | $ 51,400 | $ - | $ - | $ - | $ 29,433 | $ - | $ - | $ - | $ - | $ 29,433 |
| **Non-Operating Disbursements** | | | | | | | | | | | | | |
| Term Debt, Fees, Interest, etc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| WebBank | $ 3,943 | $ 3,943 | $ 3,943 | $ 3,943 | $ 3,943 | $ 3,943 | $ 3,943 | $ 3,943 | $ 3,943 | $ 3,943 | $ 3,943 | $ 3,943 | $ 3,943 |
| Weiner | $ - | $ 10,375 | $ - | $ - | $ - | $ 10,375 | $ - | $ - | $ - | $ 10,375 | $ - | $ - | $ - |
| Weiner / Cafaro | $ - | $ - | $ 3,333 | $ - | $ - | $ - | $ 3,333 | $ - | $ - | $ - | $ - | $ 3,333 | $ - |
| Sales Tax Due | $ - | $ 20,458 | $ - | $ - | $ - | $ 18,550 | $ - | $ - | $ - | $ - | $ 15,900 | $ - | $ - |

EXHIBIT B

**EXHIBIT B**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re:<br><br>    Saxon Shoes, Inc.[1]<br><br>    Debtor | Case No. 20-33453<br><br>Chapter 11 |
| In re:<br><br>    Saxon Shoes Spotsylvania, LLC[2]<br><br>    Debtor | Case No. 20-33454<br><br>Chapter 11 |

## INTERIM ORDER AUTHORIZING USE OF CASH
## COLLATERAL AND ADEQUATE PROTECTION

This matter came before the Court upon the *Debtors' Motion to Authorize Use of Cash Collateral and Adequate Protection and Memorandum in Support Thereof* (the "**Motion**")[3]. The Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at a hearing before the Court (the "**Hearing**"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and (c) notice of this Motion and the Hearing

---

[1] The Debtor's address is 11800 W Broad Street, # 2750, Henrico, VA 23233, and the last four digits of the Debtor's EIN are 0987.

[2] The Debtor's address is 1 Towne Centre Boulevard, # 4500, Spotsylvania, VA 22407 and the last four digits of the Debtor's EIN are 9223.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Proposed Counsel for the Debtors*

was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein in order to avoid immediate and irreparable harm to the estates; it is hereby

**FOUND, DETERMINED, ORDERED AND ADJUDGED, BASED UPON THE RECORD BEFORE THE COURT AT THE HEARING, that:**

1.      *Bankruptcy Filings*. Each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and each has continued with the management and operation of its businesses and properties as a debtor in possession pursuant to section 1184 of the Bankruptcy Code.

2.      *Jurisdiction*. This Court has core jurisdiction over the Debtors' cases, the Motion, and the parties and property affected hereby, pursuant to 28 U.S.C. §§ 157(b) and 1334.

3.      *Objections*. All pending objections to the entry of this Interim Order, if any, are resolved hereby or, to the extent not resolved, are overruled.

4.      *Use of the Cash Collateral – Cash Management*. The Debtors allege that, in the ordinary course of business, the Debtors require cash on hand and cash flow from their operations to fund their working capital needs and therefore there is a risk that the going concern value of the Debtors' businesses will decline if they cannot access cash on hand and cash flow from their operations. Subject to the terms and conditions set forth herein, the Debtors are hereby authorized to use the Cash Collateral to pay amounts approved by any other Order of this Court and to provide working capital for the Debtors, but in any event solely in accordance with the Budget, this Order, and other applicable orders of this Court.

5.      *Terms of Cash Collateral Use*. The terms of the Debtors' use of the Cash Collateral

and the adequate protection arrangements, in each case as more fully set forth in this Interim Order, (i) are fair and reasonable, (ii) reflect the prudent exercise of business judgment consistent with the Debtors' fiduciary duties, (iii) constitute reasonably equivalent value and fair consideration and (iv) are essential and appropriate for the continued operation and management of the Debtors' businesses and the preservation of their assets and properties. Entry of this Interim Order is in the best interests of the Debtors and their Estates and creditors and will, among other things, allow for the continued operation of the Debtors' existing businesses.

6.      *The Budget.*

a.    The amount of the Cash Collateral authorized to be used hereby by the Debtors shall not exceed the amounts reflected in the budget attached to this Interim Order as Exhibit A (as amended, supplemented, extended or otherwise modified from time to time, the "**Budget**") for the time period set forth herein except as provided below:

i.   The Debtors shall be authorized to use Cash Collateral in accordance with the Budget, in an amount that would not cause the Debtors to use Cash Collateral for operating disbursements in an aggregate amount greater than one-hundred and twenty percent (120%) of the operating disbursements in the Budget for any 4-week period (a "**Permitted Variance**"). If the aggregate amount of Cash Collateral actually used by the Debtors, measured on a 4-week basis, is less than the aggregate amount of Cash Collateral available for use by the Debtors in the Budget during such period, then for purposes of the Permitted Variance, the Debtors may carry over

3

any such unused amount to the future periods in the Budget.

ii.  The Debtors shall be authorized to purchase materials in excess of amounts reflected on the Budget if a deposit has been received in an amount in excess of the cost of said materials.

b.  The Debtors represent, based on the best of their knowledge, due diligence and a review of documents and information, that (i) the Budget is achievable[4] and will likely allow the Debtors to operate in the ordinary course of business and without the accrual of unpaid administrative expenses; and (ii) the Budget includes all reasonable, necessary, and presently foreseeable expenses that are required to be incurred and paid in connection with the operation of the Debtors' businesses for the period set forth in the Budget with the exception of additional amounts that may be necessary for the purchase of materials where a deposit to cover said materials is received.

7.  *Adequate Protection.* Cafaro, WebBank, Amex, Mr. & Mrs. Weiner and/or Mr. Weiner may be entitled, pursuant to §§ 361, 363(c)(2), and 363(e) of the Bankruptcy Code, to adequate protection of potential interests in the Collateral and the Cash Collateral ("**Adequate Protection**"), in an amount equal to the aggregate diminution in value of the particular creditor's Collateral, including, without limitation, any such diminution resulting from the sale, lease or use by the Debtors (or other decline in value) of the Collateral and from the imposition of the automatic stay pursuant to § 362 of the Bankruptcy Code (such diminution in value, the "**Adequate**

---

[4] Unfortunately, given nuances related to the global pandemic associated with COVID-19, the Court understands that the Debtors may not meet all aspects of the Budget.

**Protection Obligations**").

8. As Adequate Protection, Cafaro is hereby granted the following:

a. *Adequate Protection Liens*. Cafaro is hereby granted (effective and perfected upon the date of the entry of this order and without the necessity of the execution by the Debtors of mortgages, deeds of trust, security agreements, pledge agreements, control agreements, financing statements or other agreements), to the extent of the diminution in value of Cafaro's Collateral from the Debtors' use of Cash Collateral, additional and valid, perfected and enforceable continuing replacement security interests and liens (the "**Adequate Protection Liens**") in the collateral type similar to the Collateral to the extent that Cafaro held a valid and perfected lien prior to the Petition Date (such collateral, the "**Replacement Collateral**"); and

b. *Adequate Protection Payments*. Cafaro shall receive, as additional adequate protection, a monthly payment in the amount of $1,666.67.

9. As Adequate Protection, Amex is hereby granted the following:

a. *Adequate Protection Liens*. Amex is hereby granted (effective and perfected upon the date of the entry of this order and without the necessity of the execution by the Debtors of mortgages, deeds of trust, security agreements, pledge agreements, control agreements, financing statements or other agreements), to the extent of the diminution in value of Amex's Collateral from the Debtors' use of Cash Collateral, additional and valid, perfected and enforceable Adequate Protection Liens in the Replacement Collateral.

10. As Adequate Protection, WebBank is hereby granted the following:

a. *Adequate Protection Liens*. WebBank is hereby granted (effective and perfected upon the date of the entry of this order and without the necessity of the execution by the Debtors of mortgages, deeds of trust, security agreements, pledge agreements, control agreements, financing statements or other agreements), to the extent of the diminution in value of WebBank's Collateral from the Debtors' use of Cash Collateral, additional and valid, perfected and enforceable Adequate Protection Liens in the Replacement Collateral.

b. *Adequate Protection Payments*. WebBank shall receive, as additional adequate protection, a weekly payment of $ 3,942.55.

11.    As Adequate Protection, Mr. & Mrs. Weiner are hereby granted the following:

a. Adequate Protection Liens. Mr. & Mrs. Weiner are hereby granted (effective and perfected upon the date of the entry of this order and without the necessity of the execution by the Debtors of mortgages, deeds of trust, security agreements, pledge agreements, control agreements, financing statements or other agreements), to the extent of the diminution in value of Mr. & Mrs. Weiner's Collateral from the Debtors' use of Cash Collateral, additional and valid, perfected and enforceable Adequate Protection Liens in the Replacement Collateral; and

b. *Adequate Protection Payments*. Mr. & Mrs. Weiner shall receive, as additional adequate protection, a monthly payment of $ 10,375.00.

12.    As Adequate Protection, Mr. Weiner is hereby granted the following:

a. Adequate Protection Liens. Mr. Weiner is hereby granted (effective and perfected upon the date of the entry of this order and without the necessity of the execution

by the Debtors of mortgages, deeds of trust, security agreements, pledge agreements, control agreements, financing statements or other agreements), to the extent of the diminution in value of Mr. Weiner's Collateral from the Debtors' use of Cash Collateral, additional and valid, perfected and enforceable Adequate Protection Liens in the Replacement Collateral; and

b. *Adequate Protection Payments*. Mr. Weiner shall receive, as additional adequate protection, a monthly payment of $1,666.67.

13.     *Authorization to Act*. Each of the Debtors is expressly authorized and empowered to perform, and the automatic stay of § 362 of the Bankruptcy Code is hereby modified to permit them to make, execute and deliver all instruments and documents (including the execution of security agreements, mortgages and financing statements), take such other actions and to pay all fees and expenses, which may be reasonably required or necessary for the Debtors' performance under this Interim Order, including, inter alia, to: (i) perform all of their obligations as provided for in this Interim Order; and (ii) perform all other acts that may be required in connection with this Interim Order. The Debtors are authorized to perform all acts and to make, execute and deliver any and all instruments as may be necessary to implement the terms and condition of this Interim Order and the transactions contemplated hereby.

14.     *Reservation of Rights*. (a) Under the circumstances and given that the above described Adequate Protection is consistent with the Bankruptcy Code, including § 506(b) thereof, the Court finds that the Adequate Protection is reasonable and sufficient to protect the interests of Cafaro, Amex, WebBank, Mr. Weiner, and Mr. & Mrs. Weiner for the limited duration of this Interim Order. However, notwithstanding anything herein to the contrary, at any time any party

may request further or different adequate protection or other relief from the Court with respect to these cases or this Interim Order after notice and a hearing, and the Debtors or any other party in interest may contest any such request. Except as expressly provided herein, nothing contained in this Interim Order (including, without limitation, the authorization of the use of any Cash Collateral) shall impair or modify any rights, claims or defenses available in law or equity to Cafaro, Amex, WebBank, Mr. Weiner, Mr. & Mrs. Weiner, and/or the Debtors. (b) Nothing contained in this Interim Order shall impair or modify any rights or claims of the Debtors related to assets not subject to a properly perfected security interest.

15.       *Immediate Entry of this Order*. The Debtors have requested immediate entry of this Interim Order pursuant to, and have complied with, Bankruptcy Rule 4001(b)(2). For the reasons stated herein and as stated on the record at the Hearing, this Court concludes that immediate entry of this Interim Order is in the best interests of the Debtors.

16.       *Effectiveness*. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

17.       *Final Hearing*. The final hearing (the "**Final Hearing**") is scheduled for September __, 2020 at ____ before the Honorable ____, United States Bankruptcy Judge, in Room __, United States Courthouse, 701 East Broad Street, Richmond, Virginia 23219 via ____. The Debtors shall promptly mail copies of this Interim Order (which shall constitute adequate notice of the Final Hearing) to the parties having been given notice of the Interim Hearing, upon the Office of the United States Trustee, the Subchapter V Trustee, the Debtors' 20 largest unsecured creditors as identified in their Chapter 11 petitions, Cafaro, Amex, WebBank, Mr. Weiner, and Mr. & Mrs. Weiner, and any party who has filed a notice of appearance in these cases.

18.     Any party having any objection to any of the relief provided herein shall, prior to

August __, 2020: (a) file a written objection with the Clerk of this Court; (b) serve copies of such

written objection on (i) Tavenner & Beran, PLC, (ii) the Office of the United States Trustee, (iii)

the Subchapter V Trustee, (iv) the Debtors' 20 largest unsecured creditors as identified in their

Chapter 11 petitions, and (v) Cafaro, Amex, WebBank, Mr. Weiner, and Mr. & Mrs. Weiner; and

(c) attend the Final Hearing.


Entered:                                    _____
                                            UNITED STATES BANKRUPTCY JUDGE


I ask for this:

_/s/_____
Lynn L. Tavenner, Esquire (VSB No. 30083)
ltavenner@tb-lawfirm.com
Paula S. Beran, Esquire (VSB No. 34679)
pberan@tb-lawfirm.com
David N. Tabakin, Esquire (VSB No. 82709)
dtabakin@tb-lawfirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Proposed Counsel for the Debtors*

Seen and not objected to:

_/s/_____
Kathryn R. Montgomery (Va. Bar No. 42380)
Shannon F. Pecoraro (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330

Seen and not objected to:

_____
Richard C. Maxwell, Esquire
Woods Rogers PLC
10 S. Jefferson Street, Suite 1400
Roanoke, VA 24011

     *Subchapter V Trustee*

<u>CERTIFICATION</u>

     I hereby certify that the foregoing proposed *Order* has been either served on by first-class mail, postage prepaid, and/or electronic delivery or endorsed by all necessary parties.

     /s/ _____
     Paula S. Beran (Va. Bar No. 34679)
     *Proposed Counsel to the Debtors*

Service List for Entered Order:

| | |
|---|---|
| Paula S. Beran, Esquire<br>Tavenner & Beran, PLC<br>20 North 8th Street<br>Richmond, Virginia 23219 | Kathryn R. Montgomery<br>Shannon F. Pecoraro<br>Department of Justice<br>Office of the United States Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia 23219 |

Richard C. Maxwell, Esquire
Woods Rogers PLC
10 S. Jefferson Street, Suite 1400
Roanoke, VA 24011

Exhibit C

**COMMONWEALTH OF VIRGINIA**
**STATE CORPORATION COMMISSION**

**Office of the Clerk**

April 23, 2015

RONALD J YOURSTOWSKY ESQ
2445 BELMONT AVENUE
PO BOX 2186
YOUNGSTOWN, OH 44504-0186

**RECEIPT**

RE:      SAXON SHOES, INCORPORATED

DCN/FILE NO:    15-04-21-3816-5

Dear Customer:

This is your receipt for $20.00 covering the fees for filing an original financing statement with this office.

The effective date of the filing is April 21, 2015 at 10:54 AM.

If you have any questions, please call (804) 371-9733 or toll-free in Virginia, 1-866-722-2551.

Sincerely,

*Joel H. Peck*
Joel H. Peck
Clerk of the Commission

FSACCEPT
FSO
CIS0369

P.O. Box 1197, Richmond, VA 23218-1197
Tyler Building, First Floor, 1300 East Main Street, Richmond, VA 23219-3630
Clerk's Office (804) 371-9733 or (866) 722-2551 (toll-free in Virginia) www.scc.virginia.gov/clk
Telecommunications Device for the Deaf-TDD/Voice: (804) 371-9206

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

2015 APR 21 A 10: 54

150421 3816

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Ronald J. Yourstowsky - 330-747-2661

**B. E-MAIL CONTACT AT FILER (optional)**
ryourstowsky@cafarocompany.com

**C. SEND ACKNOWLEDGMENT TO:   (Name and Address)**

Spotsylvania Mall Company
2445 Belmont Avenue
P.O. Box 2186
Youngstown, OH 44504-0186
Attn: Legal Department

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME |  |  |  |
|---|---|---|---|
| Saxon Shoes, Incorporated |  |  |  |
| **1b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|  |  |  |  |
| **1c. MAILING ADDRESS** | CITY | STATE / POSTAL CODE | COUNTRY |
| 11800 West Broad Street, # 2750 | Richmond | VA / 23233 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME |  |  |  |
|---|---|---|---|
|  |  |  |  |
| **2b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|  |  |  |  |
| **2c. MAILING ADDRESS** | CITY | STATE / POSTAL CODE | COUNTRY |
|  |  |  |  |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |  |  |  |
|---|---|---|---|
| The Irrevocable Agreement of Trust FBO William A. Cafaro and Anthony M. Cafaro, Jr. U/A/D February 15, 1985 |  |  |  |
| **3b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|  |  |  |  |
| **3c. MAILING ADDRESS** | CITY | STATE / POSTAL CODE | COUNTRY |
| c/o The Cafaro Company, 2445 Belemont Avenue | Youngstown | OH / 44504-0186 | USA |

**4. COLLATERAL:**  This financing statement covers the following collateral:

All right, title and interest of the Debtor in and to all now existing and hereafter acquired or arising (i) Money, Accounts, Deposit Accounts, and all other rights of the Debtor to the payment of money no matter how evidences; (ii) all Inventory of the Debtor, now owned or hereafter acquired; (iii) all Equipment of the Debtor, including, without limitation, all machinery, tools, catalogues, computer hardware and software, furniture, furnishings and Fixtures, and all additions, substitutions and replacements thereof, wherever located, together with all attachments, components, parts, and accessories installed thereon or affixed thereto; (iv) all General Intangibles; and (v) all Proceeds of the foregoing Collateral.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative |
|---|---|
| **6a.** Check only if applicable and check only one box: | **6b.** Check only if applicable and check only one box: |
| ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien  ☐ Non-UCC Filing |

**7. ALTERNATIVE DESIGNATION** (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

# UCC FINANCING STATEMENT **ADDENDUM**

FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

**9a. ORGANIZATION'S NAME**

Saxon Shoes, Incorporated

OR

**9b. INDIVIDUAL'S SURNAME**

**FIRST PERSONAL NAME**

**ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

**10a. ORGANIZATION'S NAME**

OR

**10b. INDIVIDUAL'S SURNAME**

**INDIVIDUAL'S FIRST PERSONAL NAME**

**INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX**

**10c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY**

**11.** ☐ **ADDITIONAL SECURED PARTY'S NAME** or ☐ **ASSIGNOR SECURED PARTY'S NAME:** Provide only one name (11a or 11b)

**11a. ORGANIZATION'S NAME**

OR

**11b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX**

**11c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY**

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**

**13.** ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

**14.** This FINANCING STATEMENT:
☐ covers timber to be cut | ☐ covers as-extracted collateral | ☑ is filed as a fixture filing

**15.** Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

Spotsyvania Mall Company
2445 Belmont Avenue
P.O. Box 2186
Youngstown, OH  44504-0186
Attn:  Legal Department

**16.** Description of real estate:

Unit No. 4500 of the Spotsylvania Towne Centre, which is known for street numbering purposes as 137 Spotsylvania Mall, Fredericksburg, VA 22407, and which is further described on Exhibit A attached hereto.

**17. MISCELLANEOUS:**

**FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)**

METES AND BOUNDS DESCRIPTION
ON VARIOUS PROPERTIES OF
SPOTSYLVANIA MALL COMPANY

TM 13C-2-B1, DEED BOOK 483, PAGE 511
TM 13C-2-B2, DEED BOOK 502, PAGE 520
TM 13-A-107F, PLAT FILE 8, PAGE 92

AND

ON A PORTION OF THE PROPERTY OF SPOTSYLVANIA MALL COMPANY
TM 13-A-107
DEED BOOK 435, PAGE 421
INSTRUMENT #200500000701
COURTLAND MAGISTERIAL DISTRICT
Spotsylvania County, Virginia

AND

ON A PORTION OF THE PROPERTY OF SPOTSYLVANIA MALL COMPANY
TM 283-4-101A, INSTRUMENT #20050000054
City of Fredericksburg, Virginia

AND

ON A PORTION OF THE PROPERTY OF MACY'S RETAIL HOLDINGS, INC. (Formerly known as)
THE MAY DEPARTMENT STORES COMPANY
TM 23-A-101A, DEED BOOK 1108, PAGE 451
COURTLAND MAGISTERIAL DISTRICT
Spotsylvania County, Virginia

AND

MACY'S RECONFIGURED PARCEL
PORTION OF TM 23-A-101A and PORTION OF TM 13-A-107

**"SHOPPING CENTER SITE"**

Containing an area of 124.0319 acres, more or less, the ultimate perimeter of the property being more particularly described as follows;

Beginning at a point, said point being the northernmost corner of the property being described herein, said point also being a corner of the boundary line between Spotsylvania County, Virginia and the City of Fredericksburg, Virginia, hereinafter "County / City boundary line" said point being further described as being in the southern right-of-way line of Plank Road  Route 3 (variable width), thence with said right-of-way line and the previously mentioned County / City boundary line and with a western line of the now or formerly Richard A. Pruitt property (TM 283-33054);

S36°56'56"E 201.10' to a point, thence continuing with said western line of the previously mentioned Pruitt property and an additional now or formerly Richard A. Pruitt property (TM 283-33052) and the County / City boundary line and a south line of the now or formerly Mas Enterprises, LLC property the following 4 courses and distances;

S49°16'56"E 99.80' to a point;



S55°05'08"E 113.33' to a point;

S53°41'02"E 119.32' to a point;

S38°05'55"E 73.29' to a point, said point being the westernmost corner of an additional Spotsylvania Mall Company property (TM 13C-2-B2), said point being further described as being the southernmost corner of the previously mentioned Mas Enterprises, LLC property, thence continuing with the County / City boundary line and with an easterly line of the Mas Enterprises, LLC property;

N45°25'07"E 40.42' to a point; said point being the westernmost corner the now or formerly James M. Bowen Company, L.L.C. property, thence departing the line of Mas Enterprises, LLC property and with the southerly line of the James M. Bowen Company, L.L.C. property and continuing with the County / City boundary line;

S51°15'16"E 217.09' to a point, said point being the southernmost corner of the previously mentioned James L. Bowen Company, L.L.C. property, said point being further described as being in a west line of the now or formerly Fredericksburg Development, LLC property (TM 283-22900), thence with said west line and continuing with the County / City boundary line;

S02°10'55"E (passing over a northeast corner of an additional Spotsylvania Mall Company property TM 13C-2-B1 at 30.00') 117.62' to a point, said point being described as being the westernmost corner of the now or formerly Fredericksburg Development, LLC property (TM 283-1-A), thence with the south line of said Fredericksburg Development, LLC property and with the County / City boundary line the following 3 courses and distances;

S44°34'37"E 21.90' to a point,

S74°38'26"E 330.91' to a point,

S70°12'22"E 396.76' to a point, said point being a corner of Spotsylvania Mall Company property (TM 13-A-107), said point also being a southeast corner of the Fredericksburg Development, LLC property (TM 283-1-A), said point being further described as being the southwest corner of an additional Spotsylvania Mall Company property (TM 283-4-101A), thence departing the County / City boundary line and running through the Spotsylvania Mall Company property (TM 13-A-107);

S73°36'25"E 19.31' to a point, said point being in a south line of the previously mentioned Spotsylvania Mall Company property (TM 283-4-101A), thence running through the Spotsylvania Mall Company property (TM 283-4-101A);

S73°36'25"E 346.53' to a point, said point being in the west right-of-way line of Interstate 95 (variable width), thence with said right-of-way line;

S22°04'57"W 124.94' to a point, said point being a corner common to the previously mentioned County / City boundary line, thence with said boundary line and continuing with the west right-of-way line the following 3 courses and distances;

S13°39'02"W 800.25' to a point,

S08°14'24"W 251.79' to a point,

S12°13'13"W 200.25' to a point, thence departing the County / City boundary line and running with the west right-of-way line of Interstate 95 (variable width) as recorded in Instrument #200600025150 the following 2 courses and distances;



S13°27'34"W 105.87' to a point,

S15°04'58"W 716.78' to a point, said point being in the north line (per agreement recorded in Instrument #200800009065 and Quitclaim deed recorded in Instrument #200800013541) of the now or formerly lands of George T. and Teresita Gonzales (TM 23-8-B part, Parcel B), thence departing the west right-of-way line of the previously mentioned Interstate 95 (variable width) and running with the north line of said Gonzales property and continuing with the north line of an additional now or formerly George T. and Teresita Gonzales property (TM 23-8-B part, Parcel D, also subject to the previously mentioned agreement recorded in Instrument #200800009065 and Quitclaim deed recorded in Instrument #200800013541);

N77°23'04"W 647.85' to a point, thence with the west line of the now or formerly Gonzales property (TM 23-8-B part, Parcel D);

S15°41'26"W 0.72' to a point, said point being in the north right-of-way line of Bragg Road - Route 710 (variable width), thence departing the lands of Gonzales and running with the north right-of-way line of Bragg Road - Route 710;

N77°09'22"W 128.72' to a point, said point being the southeast corner of the now or formerly Peggy Lippincott property (TM 23-A-100A), thence with the east line of the now or formerly Lippincott property;

N12°50'38"E 210.00' to a point, said point being a northeast corner of the now or formerly Peggy Lippincott property, thence with a north line of said Peggy Lippincott property and continuing with a north line of the now or formerly Donald E. and Virginia L. Austin property (TM 23-A-100) and an additional now or formerly Donald E. and Virginia L. Austin property (TM 23-A-99);

N77°09'22"W 519.86' to a point, thence continuing along the line of the Donald E. and Virginia L. Austin property (TM 23-A-99) the following 3 courses and distances;

N12°50'38"E 135.15' to a point,

S62°49'38"W 209.55' to a point,

S24°49'38"W 214.90' to a point, said point being in the northerly right-of-way line of Bragg Road - Route 710 (variable width), thence with said right-of-way line;

N77°09'22"W 86.89' to a point, said point being the southernmost corner of the now or formerly Arsane Serafin, Sr. property, thence departing the previously mentioned Bragg Road - Route 710 (variable width) right-of-way line and running with the line of the now or formerly Arsane Serafin, Sr. property the following 3 courses and distances;

N24°49'38"E 180.00' to a point,

N50°18'19"W 99.97' to a point,

S65°44'36"W 179.45' to a point, said point being in the east right-of-way line of  Bragg Road - Route 710 (variable width) right-of-way line, thence continuing with said east right-of-way line the following 12 courses and distances;

N23°27'16"W 82.34' to a point,

13.34' along the arc of a curve to the right, having a radius of 236.15', a delta of 03°14'12", and a chord of N00°45'03"E 13.34' to a point,

N02°22'09"E 4.66' to a point,


EXHIBIT A

32.07' along the arc of a curve to the right, having a radius of 17.00', a delta of 108°05'12", and a chord of N56°24'45"E 27.52' to a point,

7.59' along the arc of a curve to the right, having a radius of 250.89', a delta of 01°44'02", and a chord of S70°24'39"E 7.59' to a point,

N23°27'16"W 103.37' to a point,

32.06' along the arc of a curve to the right, having a radius of 193.71', a delta of 09°28'54", and a chord of N50°47'17"W 32.02' to a point,

85.89' along the arc of a curve to the right, having a radius of 229.00', a delta of 21°29'20", and a chord of N35°18'10"W 85.38' to a point,

N24°33'30"W 59.90' to a point,

82.38' along the arc of a curve to the left, having a radius of 964.41', a delta of 04°53'40", and a chord of N27°00'20"W 82.36' to a point,

N29°27'10"W 147.39' to a point,

S60°24'54"W 5.52' to a point, said point being a southeast corner of the now or formerly Altoona Drive Investment Company property, said point being further described as corner common to Bragg Road (variable width public ingress/egress easement Deed Book 1108, Page 451 and Deed Book 1155, Page 680), thence along an apparent overlap with said Altoona Drive Investment Company property;

S60°24'54"W 0.76' to a point, thence continuing with an apparent overlap with Spotsylvania Mall Company property (TM 13-A-107) and the Altoona Drive Investment Company property;

N23°27'16"W 1,036.52' to a point, said point being the southwest corner of the now or formerly General Mills Restaurants, Inc. property, thence with the south line of General Mills Restaurants, Inc. property and continuing with an apparent overlap with the Altoona Drive Investment Company property;

S88°57'16"E 2.01' to a point, said point being in the east line of the previously mentioned Altoona Drive Investment Company property, said point being further described as being in the east line of Bragg Road (variable width public ingress/egress easement Deed Book 1108, Page 451 and Deed Book 1155, Page 680), thence departing the east line of the said Altoona Drive Investment Company property and continuing with the General Mills Restaurants, Inc. property the following 3 courses and distances;

S88°57'16"E 91.99' to a point,

N66°32'44"E 35.00' to a point,

N35°35'01"E 75.77' to a point, thence continuing with the south line of the General Mills Restaurants, Inc. property and a south line of an additional Spotsylvania Mall Company property (TM 13-A-107E) the following 2 courses and distances;

N66°32'44"E 370.00' to a point,

N61°57'35"E 30.09' to a point, said point being the southwest corner of the now or formerly C & G Mall Property, L.C. property, thence with the south line of C & G Mall Property, L.C. property;

N62°00'53"E 235.74' to a point, thence with the east line of C & G Mall Property, L.C. property;

# EXHIBIT A

N23°27'16"W 160.00' to a point, thence departing the east line of C & G Mall Property, L.C. property and running with the Spotsylvania Mall Company property (as shown on an unrecorded ALTA /ACSM Land Title Survey, entitled "PLAT SURVEY OF 109.7158 ACRES OF LAND OF THE SPOTSYLVANIA MALL COMPANY", Dated November 11, 1991, prepared by Sullivan Donahoe and Ingalls);

N66°32'44"E 59.21' to a point, thence continuing with the Spotsylvania Mall Company property
(as described on unrecorded plat stated above) and running through a portion of Mall Road (private street);

N23°27'16"W 117.54' to a point, said point being the southeast corner of the now or formerly McDONALD's Corporation property, thence with the east line of said McDONALD's Corporation property ;

N23°27'16"W 310.50' to a point, said point being in the south right-of-way line of the previously mentioned Plank Road - Route 3 (variable width), thence with said right-of-way line the following 3 courses and distances;

N64°09'37"E 111.31' to a point,

449.70' along the arc of a curve to the right, having a radius of 2,750.79', a delta of 9°22'00", and a chord of N68°50'37"E 449.20' to a point;

N89°53'23"E 134.36' to the **True point and place of beginning** and containing 124.0319 acres, more or less.



EXHIBIT A

"SHOPPING CENTER SITE"
124.0319 ACRES

LOCATION PLAN
SPOTSYLVANIA MALL
SPOTSYLVANIA COUNTY
FREDERICKSBURG, VIRGINIA
"SHOPPING CENTER SITE"
DECEMBER 8, 2008

# Spotsylvania Towne Centre

*Please reply to:*    2445 Belmont Avenue
P. O. Box 2186
Youngstown, Ohio  44504-0186
Phone   (330) 747-2661
Fax    (330) 743-2902

April 14, 2015

State Corporation Commission
Clerk's Office, UCC Section
PO Box 1197
Richmond, VA 23218

RE:    FILING OF UCC FINANCING STATEMENT

Dear Clerk:

Enclosed please find a UCC Financing Statement for filing along with a check for $20.00.  I have also enclosed an extra copy of the Financing Statement to be time-stamped and returned to my attention in the self-addressed stamped envelope.

Thank you for your cooperation.  Should you have any questions, please contact me.

Very truly yours,

SPOTSYLVANIA TOWNE CENTRE

RONALD J. YOURSTOWSKY
Attorney at Law

RJY/trl

Enclosures

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| Office of the Clerk |
| --- |
| Virginia State Corporation Commission |
| Filing Number: 20200226039672 |
| Filing Date and Time: 02/25/2020 05:00 PM |
| Total Number of Pages: 9 |

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Ronald J. Yourstowsky    (330) 747-2661

**B. E-MAIL CONTACT AT FILER (optional)**
RYourstowsky@cafarocompany.com

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Spotsylvania Mall Company
5577 Youngstown-Warren Rd.
Niles, OH  44446

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
15042138165

**1b.** ☒ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ PARTY INFORMATION CHANGE:

Check one of these two boxes:
This Change affects ☐ Debtor or ☐ Secured Party of record

AND Check one of these three boxes to:
☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7 CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name, do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |

**8.** ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| Spotsylvania Mall Company | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA:**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

Office of the Clerk
**Virginia State Corporation Commission**
**Filing Number: 202002260399672**
**Filing Date and Time: 02/25/2020 05:00 PM**
**Total Number of Pages: 9**

## UCC FINANCING STATEMENT AMENDMENT ADDENDUM

FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form
15042138165

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

12a. ORGANIZATION'S NAME
Spotsylvania Mall Company

OR

12b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)          SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13). Provide only one Debtor name (13a or 13b) (use exact, full name, do not omit, modify, or abbreviate any part of the Debtor's name), see Instructions if name does not fit

13a. ORGANIZATION'S NAME
Saxon Shoes, Incorporated

OR

13b. INDIVIDUAL'S SURNAME          FIRST PERSONAL NAME          ADDITIONAL NAME(S)/INITIAL(S)          SUFFIX

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral)

15. This FINANCING STATEMENT AMENDMENT

☐ covers timber to be cut   ☐ covers as-extracted collateral   ☒ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in item 17
(if Debtor does not have a record interest).

Spotsylvania Mall Company
5577 Youngstown Warren Road
Niles, OH  44446

17. Description of real estate:

Unit No. 4500 of the Spotsylvania Towne Centre, which is known for street numbering purposes as 137 Spotsylvania Mall, Fredericksburg, VA, 22407, and which is further described on Exhibit A attached hereto.

18. MISCELLANEOUS:

Office of the Clerk
Virginia State Corporation Commission

Filing Number: 202002260399672
Filing Date and Time: 02/25/2020 05:00 PM
Total Number of Pages: 9

METES AND BOUNDS DESCRIPTION
ON VARIOUS PROPERTIES OF
SPOTSYLVANIA MALL COMPANY

TM 13C-2-B1, DEED BOOK 483, PAGE 511
TM 13C-2-B2, DEED BOOK 502, PAGE 520
TM 13-A-107F, PLAT FILE 8, PAGE 92

AND

ON A PORTION OF THE PROPERTY OF SPOTSYLVANIA MALL COMPANY
TM 13-A-107
DEED BOOK 435, PAGE 421
INSTRUMENT #200500000701
COURTLAND MAGISTERIAL DISTRICT
Spotsylvania County, Virginia

AND

ON A PORTION OF THE PROPERTY OF SPOTSYLVANIA MALL COMPANY
TM 283-4-101A, INSTRUMENT #20050000054
City of Fredericksburg, Virginia

AND

ON A PORTION OF THE PROPERTY OF MACY'S RETAIL HOLDINGS, INC. (Formerly known as)
THE MAY DEPARTMENT STORES COMPANY
TM 23-A-101A, DEED BOOK 1108, PAGE 451
COURTLAND MAGISTERIAL DISTRICT
Spotsylvania County, Virginia

AND

MACY'S RECONFIGURED PARCEL
PORTION OF TM 23-A-101A and PORTION OF TM 13-A-107

## "SHOPPING CENTER SITE"

Containing an area of 124.0319 acres, more or less, the ultimate perimeter of the property being more
particularly described as follows;

Beginning at a point, said point being the northernmost corner of the property being described
herein, said point also being a corner of the boundary line between Spotsylvania County, Virginia and the
City of Fredericksburg, Virginia, hereinafter "County / City boundary line" said point being further
described as being in the southern right-of-way line of Plank Road Route 3 (variable width), thence with
said right-of-way line and the previously mentioned County / City boundary line and with a western line of
the now or formerly Richard A. Pruitt property (TM 283-33054);

S36°56'56"E 201.10' to a point, thence continuing with said western line of the previously mentioned
Pruitt property and an additional now or formerly Richard A. Pruitt property (TM 283-33052) and the
County / City boundary line and a south line of the now or formerly Mas Enterprises, LLC property the
following 4 courses and distances;

S49°16'56"E 99.80' to a point;


EXHIBIT A

Virginia State Corporation Commission

Filing Number: 202002260399672
Filing Date and Time: 02/25/2020 05:00 PM
Total Number of Pages: 9

S55°05'08"E 113.33' to a point;

S53°41'02"E 119.32' to a point;

S38°05'55"E 73.29' to a point, said point being the westernmost corner of an additional Spotsylvania Mall Company property (TM 13C-2-B2), said point being further described as being the southernmost corner of the previously mentioned Mas Enterprises, LLC property, thence continuing with the County / City boundary line and with an easterly line of the Mas Enterprises, LLC property;

N45°25'07"E 40.42' to a point; said point being the westernmost corner the now or formerly James M. Bowen Company, L.L.C. property, thence departing the line of Mas Enterprises, LLC property and with the southerly line of the James M. Bowen Company, L.L.C. property and continuing with the County / City boundary line;

S51°15'16"E 217.09' to a point, said point being the southernmost corner of the previously mentioned James L. Bowen Company, L.L.C. property, said point being further described as being in a west line of the now or formerly Fredericksburg Development, LLC property (TM 283-22900), thence with said west line and continuing with the County / City boundary line;

S02°10'55"E (passing over a northeast corner of an additional Spotsylvania Mall Company property TM 13C-2-B1 at 30.00') 117.62' to a point, said point being described as being the westernmost corner of the now or formerly Fredericksburg Development, LLC property (TM 283-1-A), thence with the south line of said Fredericksburg Development, LLC property and with the County / City boundary line the following 3 courses and distances;

S44°34'37"E 21.90' to a point,

S74°38'26"E 330.91' to a point,

S70°12'22"E 396.76' to a point, said point being a corner of Spotsylvania Mall Company property (TM 13-A-107), said point also being a southeast corner of the Fredericksburg Development, LLC property (TM 283-1-A), said point being further described as being the southwest corner of an additional Spotsylvania Mall Company property (TM 283-4-101A), thence departing the County / City boundary line and running through the Spotsylvania Mall Company property (TM 13-A-107);

S73°36'25"E 19.31' to a point, said point being in a south line of the previously mentioned Spotsylvania Mall Company property (TM 283-4-101A), thence running through the Spotsylvania Mall Company property (TM 283-4-101A);

S73°36'25"E 346.53' to a point, said point being in the west right-of-way line of Interstate 95 (variable width), thence with said right-of-way line;

S22°04'57"W 124.94' to a point, said point being a corner common to the previously mentioned County / City boundary line, thence with said boundary line and continuing with the west right-of-way line the following 3 courses and distances;

S13°39'02"W 800.25' to a point,

S08°14'24"W 251.79' to a point,

S12°13'13"W 200.25' to a point, thence departing the County / City boundary line and running with the west right-of-way line of Interstate 95 (variable width) as recorded in Instrument #200600025150 the following 2 courses and distances;



Virginia State Corporation Commission

Filing Number: 202002260399672
Filing Date and Time: 02/25/2020 05:00 PM
Total Number of Pages: 9

S13°27'34"W 105.87' to a point,

S15°04'58"W 716.78' to a point, said point being in the north line (per agreement recorded in Instrument #200800009065 and Quitclaim deed recorded in Instrument #200800013541) of the now or formerly lands of George T. and Teresita Gonzales (TM 23-8-B part, Parcel B), thence departing the west right-of-way line of the previously mentioned Interstate 95 (variable width) and running with the north line of said Gonzales property and continuing with the north line of an additional now or formerly George T. and Teresita Gonzales property (TM 23-8-B part, Parcel D, also subject to the previously mentioned agreement recorded in Instrument #200800009065 and Quitclaim deed recorded in Instrument #200800013541);

N77°23'04"W 647.85' to a point, thence with the west line of the now or formerly Gonzales property (TM 23-8-B part, Parcel D);

S15°41'26"W 0.72' to a point, said point being in the north right-of-way line of Bragg Road - Route 710 (variable width), thence departing the lands of Gonzales and running with the north right-of-way line of Bragg Road - Route 710;

N77°09'22"W 128.72' to a point, said point being the southeast corner of the now or formerly Peggy Lippincott property (TM 23-A-100A), thence with the east line of the now or formerly Lippincott property;

N12°50'38"E 210.00' to a point, said point being a northeast corner of the now or formerly Peggy Lippincott property, thence with a north line of said Peggy Lippincott property and continuing with a north line of the now or formerly Donald E. and Virginia L. Austin property (TM 23-A-100) and an additional now or formerly Donald E. and Virginia L. Austin property (TM 23-A-99);

N77°09'22"W 519.86' to a point, thence continuing along the line of the Donald E. and Virginia L. Austin property (TM 23-A-99) the following 3 courses and distances;

N12°50'38"E 135.15' to a point,

S62°49'38"W 209.55' to a point,

S24°49'38"W 214.90' to a point, said point being in the northerly right-of-way line of Bragg Road - Route 710 (variable width), thence with said right-of-way line;

N77°09'22"W 86.89' to a point, said point being the southernmost corner of the now or formerly Arsane Serafin, Sr. property, thence departing the previously mentioned Bragg Road - Route 710 (variable width) right-of-way line and running with the line of the now or formerly Arsane Serafin, Sr. property the following 3 courses and distances;

N24°49'38"E 180.00' to a point,

N50°18'19"W 99.97' to a point,

S65°44'36"W 179.45' to a point, said point being in the east right-of-way line of Bragg Road - Route 710 (variable width) right-of-way line, thence continuing with said east right-of-way line the following 12 courses and distances;

N23°27'16"W 82.34' to a point,

13.34' along the arc of a curve to the right, having a radius of 236.15', a delta of 03°14'12", and a chord of N00°45'03"E 13.34' to a point,

N02°22'09"E 4.66' to a point,



EXHIBIT A

Office of the Clerk
Virginia State Corporation Commission

Filing Number: 202002260399672
Filing Date and Time: 02/25/2020 05:00 PM
Total Number of Pages: 9

32.07' along the arc of a curve to the right, having a radius of 17.00', a delta of 108°05'12", and a chord of N56°24'45"E 27.52' to a point,

7.59' along the arc of a curve to the right, having a radius of 250.89', a delta of 01°44'02", and a chord of S70°24'39"E 7.59' to a point,

N23°27'16"W 103.37' to a point,

32.06' along the arc of a curve to the right, having a radius of 193.71', a delta of 09°28'54", and a chord of N50°47'17"W 32.02' to a point,

85.89' along the arc of a curve to the right, having a radius of 229.00', a delta of 21°29'20", and a chord of N35°18'10"W 85.38' to a point,

N24°33'30"W 59.90' to a point,

82.38' along the arc of a curve to the left, having a radius of 964.41', a delta of 04°53'40", and a chord of N27°00'20"W 82.36' to a point,

N29°27'10"W 147.39' to a point,

S60°24'54"W 5.52' to a point, said point being a southeast corner of the now or formerly Altoona Drive Investment Company property, said point being further described as corner common to Bragg Road (variable width public ingress/egress easement Deed Book 1108, Page 451 and Deed Book 1155, Page 680), thence along an apparent overlap with said Altoona Drive Investment Company property;

S60°24'54"W 0.76' to a point, thence continuing with an apparent overlap with Spotsylvania Mall Company property (TM 13-A-107) and the Altoona Drive Investment Company property;

N23°27'16"W 1,036.52' to a point, said point being the southwest corner of the now or formerly General Mills Restaurants, Inc. property, thence with the south line of General Mills Restaurants, Inc. property and continuing with an apparent overlap with the Altoona Drive Investment Company property;

S88°57'16"E 2.01' to a point, said point being in the east line of the previously mentioned Altoona Drive Investment Company property, said point being further described as being in the east line of Bragg Road (variable width public ingress/egress easement Deed Book 1108, Page 451 and Deed Book 1155, Page 680), thence departing the east line of the said Altoona Drive Investment Company property and continuing with the General Mills Restaurants, Inc. property the following 3 courses and distances;

S88°57'16"E 91.99' to a point,

N66°32'44"E 35.00' to a point,

N35°35'01"E 75.77' to a point, thence continuing with the south line of the General Mills Restaurants, Inc. property and a south line of an additional Spotsylvania Mall Company property (TM 13-A-107E) the following 2 courses and distances;

N66°32'44"E 370.00' to a point,

N61°57'35"E 30.09' to a point, said point being the southwest corner of the now or formerly C & G Mall Property, L.C. property, thence with the south line of C & G Mall Property, L.C. property;

N62°00'53"E 235.74' to a point, thence with the east line of C & G Mall Property, L.C. property;


EXHIBIT A

Office of the Clerk
Virginia State Corporation Commission

Filing Number: 202002260399672
Filing Date and Time: 02/25/2020 05:00 PM
Total Number of Pages: 9

N23°27'16"W 160.00' to a point, thence departing the east line of C & G Mall Property, L.C. property and running with the Spotsylvania Mall Company property (as shown on an unrecorded ALTA /ACSM Land Title Survey, entitled "PLAT SURVEY OF 109.7158 ACRES OF LAND OF THE SPOTSYLVANIA MALL COMPANY", Dated November 11, 1991, prepared by Sullivan Donahoe and Ingalls);

N66°32'44"E 59.21' to a point, thence continuing with the Spotsylvania Mall Company property (as described on unrecorded plat stated above) and running through a portion of Mall Road (private street);

N23°27'16"W 117.54' to a point, said point being the southeast corner of the now or formerly McDONALD's Corporation property, thence with the east line of said McDONALD's Corporation property ;

N23°27'16"W 310.50' to a point, said point being in the south right-of-way line of the previously mentioned Plank Road - Route 3 (variable width), thence with said right-of-way line the following 3 courses and distances;

N64°09'37"E 111.31' to a point,

449.70' along the arc of a curve to the right, having a radius of 2,750.79', a delta of 9°22'00", and a chord of N68°50'37"E 449.20' to a point;

N89°53'23"E 134.36' to the **True point and place of beginning** and containing 124.0319 acres, more or less.

**EXHIBIT A**

Office of the Clerk
Virginia State Corporation Commission

Filing Number: 202002260399672
Filing Date and Time: 02/25/2020 05:00 PM
Total Number of Pages: 9



"SHOPPING CENTER SITE"
124.0319 ACRES

**EXHIBIT A**

LOCATION PLAN
SPOTSYLVANIA MALL
SPOTSYLVANIA COUNTY
FREDERICKSBURG, VIRGINIA
"SHOPPING CENTER SITE"
DECEMBER 8, 2008

Office of the Clerk
Virginia State Corporation Commission

Filing Number: 202002260399672
Filing Date and Time: 02/25/2020 05:00 PM
Total Number of Pages: 9

# Spotsylvania Towne Centre

*Please reply to:*

*5577 Youngstown-Warren Road*
*Niles, Ohio 44446*
*Phone (330) 747-2661*
*Fax (330) 743-2902*

February 19, 2020

State Corporation Commission
Clerk's Office, UCC Section
P.O. Box 1197
Richmond, VA 23218

RE:    FILING OF UCC FINANCING STATEMENT AMENDMENT

Dear Clerk:

Enclosed please find a UCC Financing Statement Amendment for filing along with a check for $20.00. I have also enclosed an extra copy of the Financing Statement Amendment to be time-stamped and returned to my attention in the self-addressed stamped envelope.

Thank you for your cooperation. Should you have any questions, please contact me.

Very truly yours,

SPOTSYLVANIA MALL COMPANY

RONALD J. YOURSTOWSKY
Attorney at Law

RJY/dbh
Enclosures

Exhibit D



# COMMONWEALTH OF VIRGINIA
# STATE CORPORATION COMMISSION

### Office of the Clerk

March 27, 2019

LIEN SOLUTIONS
P.O. BOX 29071
GLENDALE, CA 91209

## RECEIPT

RE:    SAXON SHOES, INCORPORATED

DCN/FILE NO:   19-03-26-3850-3

Dear Customer:

This is your receipt for $20.00 covering the fees for filing an original financing statement with this office.

The effective date of the filing is March 26, 2019 at 05:00 PM.

If you have any questions, please call (804) 371-9733 or toll-free in Virginia, 1-866-722-2551.

Sincerely,

*Joel H. Peck*

Joel H. Peck
Clerk of the Commission

FSACCEPT
FSO
CIS0310

SCC-CLERK'S OFFICE
UCC

2019 MAR 26  PM 5: 00

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Phone: (800) 331-3282 Fax: (818) 662-4141

**B. E-MAIL CONTACT AT FILER (optional)**
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**    23995 - AMERICAN

Lien Solutions                    69090061
P.O. Box 29071
Glendale, CA  91209-9071          VAVA

File with: State Corporation Commission, VA

190326 3850

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| SAXON SHOES, INCORPORATED | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 11800 W BROAD ST  STE 2750 | RICHMOND | VA | 23233 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 4315 South 2700 West | Salt Lake City | UT | 84184 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
All assets of the Debtor, whether now owned or hereafter acquired or arising

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
69090061                                                      Amex  Risk User

**FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)**

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

Exhibit E

## COMMONWEALTH OF VIRGINIA
## STATE CORPORATION COMMISSION

### Office of the Clerk

eFile (01/11)

August 16, 2019

Corporation Service Company
801 Adlai Stevenson
Drive
Springfield, IL 62703

### RECEIPT

RE: Saxon Shoes, Incorporated

DCN/FILE NO:  19-08-16-5705-7

Dear Customer:

This is your receipt for $20.00 covering the fees for filing an original financing statement with this office.

The effective date of the filing is  August 16, 2019 at 11:50 AM.

If you have any questions, please call (804) 371-9733 or toll-free in Virginia, 1-866-722-2551.

Sincerely,

*Joel H. Peck*

Joel H. Peck
Clerk of the Commission

FSACCEPT
FSO
CISECOM

██████████████

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| | |
|---|---|
| **A. NAME & PHONE OF CONTACT AT FILER** (optional)<br>Corporation Service Company   (800)858-5294 | |
| **B. E-MAIL CONTACT AT FILER** (optional)<br>FilingDept@cscinfo.com | |
| **C. SEND ACKNOWLEDGMENT TO:** (Name and Address)<br>┌ Corporation Service Company<br>  801 Adlai Stevenson<br>  Drive<br>  Springfield, IL 62703 ┐ | |

File Number        19-08-16-5705-7

File Date and Time    August 16, 2019 at 11:50 AM.

Filed              Virginia State Corporation Commission

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

---

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Saxon Shoes, Incorporated | | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS<br>11800 W BROAD ST # 2750 | CITY<br>RICHMOND | STATE<br>VA | POSTAL CODE<br>23233 | | COUNTRY |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| CHTD Company | | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS<br>P.O. BOX 2576 | CITY<br>SPRINGFIELD | STATE<br>IL | POSTAL CODE<br>62708 | | COUNTRY |

4. **COLLATERAL:** This financing statement covers the following collateral:

Present and future accounts, receivables, chattel paper, deposit accounts, personal property, assets and fixtures, general intangibles, instruments, equipment and inventory (as those terms are defined in Article 9 of the Uniform Commercial Code ("UCC")), wherever located, and with respect to these items, all proceeds now or hereafter owned or acquired by you (collectively, the "Collateral"). THE SECURED PARTY NAMED IN THIS RECORD IS ACTING IN A REPRESENTATIVE CAPACITY FOR PURPOSES OF FORWARDING NOTICES AND INQUIRIES REGARDING THIS RECORD.   FOR MORE INFORMATION, PLEASE CONTACT THE SECURED PARTY AT THE ADDRESS LISTED ABOVE OR AT UCCSPREP@CSCINFO.COM

---

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)   ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):   ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Exhibit F

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| **A. NAME & PHONE OF CONTACT AT FILER** (optional)<br>Anna Meredith Scott | **Office of the Clerk**<br>**Virginia State Corporation Commission**<br><br>**Filing Number:** 202003170451821<br>**Filing Date and Time:** 03/13/2020 04:52 PM<br>**Total Number of Pages:** 1<br>(Document filed electronically) |
| **B. E-MAIL CONTACT AT FILER** (optional)<br>amscott@williamsmullen.com | |
| **C. SEND ACKNOWLEDGEMENT TO:** (Name and Address)<br><br>Anna Meredith Scott<br>P O BOX 1320<br>Richmond, VA 23219 USA | |

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Saxon Shoes, Incorporated | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS<br>11800 West Broad Street, Ste 2750 | CITY<br>Henrico | STATE<br>VA | POSTAL CODE<br>23233 | COUNTRY<br>USA |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Saxon Shoes Spotsylvania, LLC | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS<br>11800 West Broad Street, Ste 2750 | CITY<br>Henrico | STATE<br>VA | POSTAL CODE<br>23233 | COUNTRY<br>USA |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME<br>Weiner | FIRST PERSONAL NAME<br>Gary | | ADDITIONAL NAME(S)/INITIAL(S)<br>L. | SUFFIX |
| 3c. MAILING ADDRESS<br>580 Raleigh Manor Road | CITY<br>Henrico | STATE<br>VA | POSTAL CODE<br>23229 | COUNTRY<br>USA |

4. **COLLATERAL:** This financing statement covers the following collateral:

With respect to each Debtor, all of such Debtor's right, title, and interest, whether now existing or hereafter acquired, in all of its accounts (including without limitation health-care receivables), chattel paper (whether tangible or electronic), deposit accounts, documents, supporting obligations, general intangibles (including without limitation payment intangibles, trademarks, tradenames, patents and software), goods (including without limitation inventory, equipment, fixtures, and accessions), instruments (including without limitation promissory notes), investment property, letter-of-credit rights, letters of credit, money, and oil, gas, or other minerals before extraction and all proceeds and products of the foregoing, in each case as such terms are defined under the Uniform Commercial Code as in effect in the Commonwealth of Virginia from time to time.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Exhibit G

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS**

| Office of the Clerk |
| --- |
| **Virginia State Corporation Commission** |
| **Filing Number: 202004300548170** |
| **Filing Date and Time: 04/30/2020 03:57 PM** |
| **Total Number of Pages: 2** |
| **(Document filed electronically)** |

**A. NAME & PHONE OF CONTACT AT FILER** (optional)

Brian Halls Richardson

**B. E-MAIL CONTACT AT FILER** (optional)

brian.richardson@kutakrock.com

**C. SEND ACKNOWLEDGEMENT TO:** (Name and Address)

Brian Halls Richardson

KUTAK ROCK LLP

901 East Byrd St., Suite 1000

Richmond, VA 23219 USA

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| SAXON SHOES, INCORPORATED | | | | |

OR

| 1b. INDIV DUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| --- | --- | --- | --- | --- |
| | | | | |

| 1c. MAIL NG ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 11800 WEST BROAD STREET, SUITE 2750 | RICHMOND | VA | 23233 | USA |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| | | | | |

OR

| 2b. INDIV DUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| --- | --- | --- | --- | --- |
| | | | | |

| 2c. MAIL NG ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| | | | | |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| | | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| --- | --- | --- | --- | --- |
| WEINER | BETH | | G. | |

| 3c. MAIL NG ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 580 RALEIGH MANOR ROAD | HENRICO | VA | 23229 | USA |

4. **COLLATERAL:** This financing statement covers the following collateral:

All of the personal property of Debtor of every kind and nature including, without limitation, all fixtures, accounts, automobiles, machinery, equipment, accessions, inventory, chattel paper, instruments, investment property, documents, letter-of-credit rights, deposit accounts and general intangibles (including, without limitation, all contract rights, tax refunds and tax refund claims, choses in action, causes of action, corporate or other business records, inventions, designs, patents, patent applications, trademarks, trade names, trade secrets, goodwill, copyrights, registrations, licenses, franchises, claims under guaranties, security interests or other security held or granted to secure payment of contracts by account debtors, all rights to indemnification and all other intangible property of every kind and nature).

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Office of the Clerk
Virginia State Corporation Commission
Filing Number:  202004300548170
Filing Date and Time: 04/30/2020 03:57 PM
Total Number of Pages: 2

# UCC FINANCING STATEMENT **ADDITIONAL PARTY**

FOLLOW INSTRUCTIONS

**18. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| 18a. ORGANIZATION'S NAME |
|---|
| **SAXON SHOES, INCORPORATED** |

OR

| 18b. NDIV DUAL'S SURNAME |
|---|
| FIRST PERSONAL NAME |

| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**19. ADDITIONAL DEBTOR'S NAME:** Provide only one Debtor name (19a or 19b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 19a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 19b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 19c. MAIL NG ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**20. ADDITIONAL DEBTOR'S NAME:** Provide only one Debtor name (20a or 20b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 20a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 20b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 20c. MAIL NG ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**21. ADDITIONAL DEBTOR'S NAME:** Provide only one Debtor name (21a or 21b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 21a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 21b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 21c. MAIL NG ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**22.** ☑ ADDITIONAL SECURED PARTY'S NAME **or** ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (22a or 22b)

| 22a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 22b. INDIVIDUAL'S SURNAME **WEINER** | FIRST PERSONAL NAME **GARY** | ADDITIONAL NAME(S)/INITIAL(S) **L.** | SUFFIX |
| 22c. MAIL NG ADDRESS **580 RALEIGH MANOR ROAD** | CITY **HENRICO** | STATE **VA** | POSTAL CODE **23229** | COUNTRY **USA** |

**23.** ☐ ADDITIONAL SECURED PARTY'S NAME **or** ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (23a or 23b)

| 23a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 23b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 23c. MAIL NG ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**24. MISCELLANEOUS:**

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDITIONAL PARTY (Form UCC1AP) (Rev. 08/22/11)